IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH GRISSON,

    Petitioner,

    v.                                          Case No. 2:11-cv-194

                                                              **JUDGE JAMES L. GRAHAM**
**WARDEN, ROSS CORRECTIONAL**      Magistrate Judge Kemp
**INSTITUTION,**

    Respondent.

## OPINION AND ORDER

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court by way of a Report and Recommendation which recommends dismissal of the petition, and petitioner's objections to that Report. For the following reasons, the objections will be overruled and this case will be **DISMISSED**.

I.

Petitioner does not take issue with the way in which the Report and Recommendation states the facts and procedural history of this case, and that portion of the Report and Recommendation is incorporated by reference into this Opinion and Order. Briefly, after petitioner was indicted on six felony counts arising out of an alleged assault on Tameka Brightwell, Antonette Brightwell, Robert Taylor, and Alfreda Hyppolite on March 20, 2007, he was convicted by a jury on all six counts and all of the specifications. He was sentenced to nineteen years incarceration plus three

years of post-release control.

Petitioner appealed, raising two assignments of error:

**First Assignment of Error:** The trial court erroneously failed to conduct a full inquiry to determine the nature and extent of any breakdown in the attorney-client relationship between Appellant and trial counsel.

**Second Assignment of Error:** Appellant's convictions were not supported by sufficient credible evidence.

The Tenth District Court of Appeals affirmed petitioner's conviction and sentence and the Ohio Supreme Court subsequently denied review. Here, in his federal habeas corpus petition, petitioner asserts these claims:

**GROUND ONE**: 1. Assigned counsel refused to employ an investigator to verify defendant's alibi. 2. Assigned counsel refused to subpoena exculpatory witnesses. 3. Defendant's family hired counsel who was disbarred prior to trial and judge ordered original counsel to represent.

**GROUND TWO:** 1. One felonious assault offense went unsupported by testimony of alleged victim or any witness that any assault occurred.

The Magistrate Judge concluded that neither of these claims supports the grant of habeas corpus relief.

The facts underlying the convictions, as stated by the Tenth District Court of Appeals, can be very briefly summarized. While Tameka Brightwell was sitting on her front porch on the evening of the shooting, she overheard her daughter arguing with another girl on the phone. After several conversations, about fifteen minutes elapsed,

and then a car drove by Ms. Brightwell's residence and someone fired shots at the people gathered outside. Ms. Brightwell was shot in the face; no one else was injured. Several witnesses, including Ms. Brightwell, identified petitioner as the gunman. The jury also heard from Theresa Harper, the person with whom Ms. Brightwell's daughter had been arguing, who said that she was in the car when petitioner fired the shots. Based on this evidence, the jury found petitioner guilty as charged.

## II.

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination ... of any portion of the Magistrate Judge's disposition to which specific written objection has been made ...." Fed.R.Civ.P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions." *Id.*; *see also* 28 U.S.C. §636(b)(1)(B). General objections are insufficient to preserve any issues for review, as "[a] general objection to the entirety of the Magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III.

The Court begins with the applicable standard under which claims for habeas corpus relief are judged. The provisions of the Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (AEDPA) govern the scope of this Court's review. *See Penry v. Johnson*, 532 U.S. 782, 791, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001);

*Wilson v. Parker*, 515 F.3d 682, 691 (6th Cir.2008).  AEDPA imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam ).  *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)(footnote omitted) .

 Title 28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding

 In applying this statute, the Supreme Court has held that "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). To obtain habeas corpus relief, a petitioner must show the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, – S.Ct. –, 2011 WL 5299458, at *1 (Nov. 7, 2011)(quoting *Harrington v. Richter,* 562 U.S. ––––, ––––, 131 S.Ct. 770, 786–87 (2011)). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in

4

the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S.Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### A.

As to petitioner's first claim, the Report and Recommendation noted that it was premised on a claim that the relationship between petitioner and his appointed counsel, Thomas Hayes, had broken down, and that the state trial court, having been put on notice of the deterioration in this relationship, failed to conduct an adequate inquiry to determine if petitioner was receiving effective assistance of counsel.  The state court of appeals found no merit in this claim, noting, as some support for its decision, that petitioner never raised this issue until just prior to sentencing, and that the trial judge could not have been aware of any potential issue before or during the trial.  The Report and Recommendation found, however, that there was some discussion of this issue between petitioner and his counsel immediately before the trial began, as reflected by this colloquy:

> [Mr. Hayes]: The second area to bring up for the record, there was a bar complaint that was filed in this matter.  It was filed not by my client but by his mother.  That bar complaint was dismissed.
>
> Without going into the specifics of that, I wanted to place that on the record that it was not filed by my client.  I am not asking to be withdrawn from this case.  I think there's some frustration as to how the

5

>   case is progressing and the development with it.
>
>      I wanted to place that on the record and see if my client wanted to
>   address that or not.  I wanted to bring that to the Court's attention as well.

*See Return of Writ,* Trial Transcript, Vol. I of II, at 9-10.  However, the Report and Recommendation also noted that, although the trial judge then discussed other matters with the petitioner, petitioner did not make any response to the issue as phrased by counsel, nor did he object when, after these discussions concluded, the trial judge notified the parties that trial would begin at 9:00 the next morning.

The state court recognized that when a criminal defendant indicates that there has been a breakdown of the attorney-client relationship, a trial judge is required to conduct an adequate inquiry in order to determine if the defendant is receiving constitutionally-effective counsel, as guaranteed by the Sixth and Fourteenth Amendments.  However, here, there was never a formal motion made by petitioner either to remove his attorney or to appoint a new one.  He remained silent in the face of his attorney's invitation to place any dissatisfaction on the record.  The Report and Recommendation therefore concluded that the state court's denial of relief on this claim did not represent an unreasonable application of federal law, which generally requires a searching inquiry only when the defendant makes an unambiguous request for different counsel.  *See, e.g., United States v. Iles*, 906 F.2d 1122, 1131 (6th Cir. 1990) ("The need for an inquiry will not be recognized, however, where the defendant has not evidenced his dissatisfaction or wish to remove his appointed counsel").

In his objection, petitioner takes issue with the notion that he did not earlier

6

voice his dissatisfaction with counsel. He claims that it was just that lack of confidence in counsel which led him to replace Mr. Hayes with another attorney prior to trial. However, after his new attorney was disbarred, Mr. Hayes was reassigned. Petitioner claims he objected to that reassignment at a hearing held on May 22, 2008, which was several months before trial began.

The primary problem with this argument is that it was never presented to the state courts. That is a prerequisite for obtaining federal habeas corpus relief. *See Gonzales v. Elo*, 233 F.3d 348, 352 (6th Cir. 2000) ("It is well settled that a prisoner seeking habeas relief in federal court must have presented the claim upon which he seeks relief to the state appellate courts"). In his appellate briefs, both before the court of appeals and the Ohio Supreme Court, petitioner argued only that the colloquy quoted above was sufficient to trigger the trial judge's duty to make a full inquiry, and that the statements made by counsel at that time were buttressed by petitioner's later complaints made just prior to sentencing. The appellate briefs make no mention of any earlier discussion about the issue, nor does the appellate record appear to contain any reference to a May 22, 2008 hearing. The state court of appeals found as a fact that "[i]mmediately prior to trial, appellant did not make any complaints regarding his representation," *see* Return of Writ, Exhibit 9, at 8, and this finding is binding on this Court under most circumstances. *See* 28 U.S.C. §2254(e)(1) ( factual findings made by state courts are deemed correct unless there is clear and convincing evidence to the contrary). It is also supported by the record before the state court of appeals. Given this state of facts, this Court cannot say that the state court of appeals unreasonably decided

7

this issue against petitioner.  It bears mentioning that even if there was some prior proceeding involving petitioner's dissatisfaction with counsel, his choice to remain silent on the issue when counsel raised it just prior to trial can reasonably be construed as negating any duty on the trial judge to make a further inquiry at that time.  For all of these reasons, petitioner's first objection, and his first claim for relief, lack merit.

### B.

Petitioner's second claim, as presented to the state courts, challenged the sufficiency of the evidence of felonious assault as to one of the victims, Robert Taylor. Petitioner argued that although the evidence at trial showed that Mr. Taylor was somewhere in the vicinity of where the shots were fired, he was not close enough to have been the victim of a felonious assault.  He also argued that there were flaws in the testimony of the eyewitnesses, including the fact that the events happened very quickly and that the testimony of Theresa Harper was suspect in light of the benefit she received from cooperating with authorities.  The state court, after identifying the correct legal standard (it cited *State v. Thompkins*, 78 Ohio St.3d 380 (1997), a state decision which relies on the seminal federal case in this area, *Jackson v. Virginia*, 443 U.S. 307 (1979)), rejected both of these arguments.  In his objection, petitioner argues only that the evidence as to Mr. Taylor's having been a victim of felonious assault was insufficient, and does not address the sufficiency of the witnesses' identification of him as the gunman.

As to the issue about Mr. Taylor, the Report and Recommendation concluded that, given that Mr. Taylor was either on or near the porch at the time of the shooting

and that there were multiple shots fired which did not appear specifically to be directed to any one of the alleged victims, the state courts' determination that Mr. Taylor was within a range of persons who might reasonably have been put in fear of bodily harm was not unreasonable.  The state court of appeals decision pointed out that, under state law, if a person is part of a group of people at which gunshots are randomly fired, that is sufficient to support a conviction for felonious assault.  It is, of course, within the province of the States to define crimes, and not the task of a reviewing federal court to substitute its judgment for that of a state court in terms of the elements of a state law criminal offense.  *See, e.g., McMillan v. Pennsylvania*, 477 U.S. 79, 85 (1986)("the state legislature's definition of the elements of the offense is usually dispositive").  Although there are constitutional limits to this principle, *see Patterson v. New York*, 432 U.S. 197 (1977), they are not implicated here, nor did petitioner raise any such claim in state court.

Petitioner does not make any additional argument in his objection that would permit him to overcome the "double presumption" of reasonableness that applies to state court determinations about the constitutional sufficiency of the evidence.  As the Report and Recommendation noted, a petitioner who challenges to the sufficiency of the evidence made under  the AEDPA, must meet an "exacting standard."  In *Lynch v. Hudson*, 2011 WL 4537890, *81-82 (S.D. Ohio September 28, 2011), this Court detailed that standard, noting that it involves both deferring to the jury's resolution of conflicts in the evidence unless no rational trier of fact could have found that the elements of the offense were proven, and deferring to the state courts' determination that the petitioner

9

had not carried his burden of proving that, drawing all reasonable inferences in favor of the prosecution, no rational fact-finder could have found him guilty. It is plain that petitioner has not carried that burden here.

The only arguments petitioner does appear to advance in his objection are, first, that the verdict was against the manifest weight of the evidence, and, second, he was denied his right to confront witnesses - apparently other people present at the time of the shooting who were not called to testify. As to the former argument, the issue of whether a jury's verdict is against the manifest weight of the evidence is purely a question of state law, and a federal court may not grant relief on such a claim. *See Wilson v. Sheets,* 2008 WL 4503027, *19 (S.D. Ohio Oct. 1, 2008)("[t]he Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence"). As to the latter claim, this is also an issue that was not presented to the state courts as either a hearsay argument or an argument based on the Confrontation Clause, and for the same reasons cited above, it cannot be raised for the first time in habeas corpus. Moreover, the gist of the claim appears to be not that petitioner was prevented from cross-examining witnesses who were called to testify, but a witness who was not called. As the Supreme Court has noted, "[t]he Confrontation Clause guarantees the defendant a face-to-face meeting with witnesses appearing before the trier of fact." *Coy v. Iowa*, 487 U.S. 1012, 1016 (1988). Petitioner's issue seems to be that certain witnesses were not called. He does not, however, make any claim that his counsel was prevented from calling or subpoenaing such witnesses, rights guaranteed to him by the Compulsory Process clause of the Sixth Amendment,

nor that the prosecution had some obligation to call additional witnesses. Thus, even if such a claim were properly before the Court, it does not appear likely to support the granting of any relief.

### IV.

For the reasons stated above, the petitioner's objections (#13) are **OVERRULED.** The Magistrate Judge's Report and Recommendation (#8) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

Date: March 13, 2012  	  s/James L. Graham  
James L. Graham  
United States District Judge